Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

Attorneys for Representative Plaintiff
and the plaintiff class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>TD AMERITRADE, INC.,<br><br>    Defendant. | Case No.: C08-02397<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is a class action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement of business expenses, rest and meal period compensation, waiting time penalties, and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, Labor Code §§ 200-204, inclusive, 216, 217, 218, 218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, Business and Professions Code §§ 17200, *et seq*. and Code of Civil Procedure § 1021.5.

2. Representative Plaintiff Jason Thomas (the "Representative Plaintiff") brings this action on behalf of himself and all other persons similarly situated (hereinafter "class members"

and/or the "plaintiff class"), who are, or have been, employed as Investment Consultants by defendant TD Ameritrade, Inc. ("TD Ameritrade" and/or "Defendant"), in any positions to sell and/or assist in selling and/or to market and/or assist in marketing securities and other financial products to the public on its behalf within the applicable statutory period.

3. The "class period" is designated as the time from May 9, 2004 through the conclusion of trial on all issues presented in this action, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

4. During the class period, TD Ameritrade has had a consistent policy of (1) requiring class members to work in excess of eight hours per day and in excess of forty hours per week, without paying them overtime compensation as required by state and federal wage and hour laws; (2) denying class members statutorily-mandated meal and rest periods, under California law; (3) willfully failing to pay compensation (including unpaid overtime and/or compensation for working through meal and/or rest periods) in a prompt and timely manner to those class members whose employment with TD Ameritrade has terminated; (4) willfully failing to provide class members with accurate semimonthly itemized statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during each pay period; (5) unlawfully deducting and/or withholding amounts earned by Representative Plaintiff and the class members from their monthly commission paychecks; and (6) failing to reimburse class members for necessary business expenditures, including, without limitation, reimbursement for travel costs.

## INTRODUCTION

5. California's Labor Code and Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers, including, but not necessarily limited to, entitlements to overtime pay and work performed beyond eight hours per day and substantial penalties for the denial of rest and meal periods.

6. TD Ameritrade sells securities and financial products to the public. Representative Plaintiff is informed and believes and, based thereon, alleges that, within the class period, TD

Ameritrade has operated numerous facilities throughout California. In so doing, TD Ameritrade has employed hundreds of individuals in recent years alone in allegedly exempt Investment Consultant positions, employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.

7. Moreover, during the class period, TD Ameritrade unlawfully deducted and/or retained monies from commission paychecks issued to Representative Plaintiff and class members, in violation of California labor law.

8. Representative Plaintiff is informed and believes and, based thereon, alleges that officers of TD Ameritrade knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

9. Despite TD Ameritrade's knowledge of the plaintiff class's entitlement to premium (overtime) pay for excess hours worked and meal and rest periods, as well as undiluted "commission" compensation, TD Ameritrade failed to provide or require the use, maintenance or submission of accurate and complete time records by members of the plaintiff class, in violation of California Labor Code §1174[d].

10. By electing not to pay overtime) and "waiting time" penalties, and by unlawfully deducting sums from its employees' commission paychecks, retaining such monies for TD Ameritrade's own use, TD Ameritrade has enjoyed an advantage over its competition while significantly disadvantaging its workers . This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

11. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. TD Ameritrade maintains offices within the Northern District of California, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Representative Plaintiff and those similarly situated within the State of California and within this judicial district. TD Ameritrade operates said facilities and has employed numerous class members in this judicial district as well as throughout

the State of California.

### PLAINTIFF(S)

12. The Representative Plaintiff is a natural person and was, during the relevant time periods identified herein, employed by defendant TD Ameritrade in the job position of Investment Consultant (as defined herein) at a TD Ameritrade branch located in California. Representative Plaintiff worked as an Investment Consultant during the class period.

13. In said position, the Representative Plaintiff was repeatedly paid a substandard wage insofar as he was denied full pay for all hours worked, including overtime pay, and was frequently permitted to work, and did work during the class period, shifts exceeding four hours (or a major fraction thereof) without being afforded ten minute rest periods and, and for shifts exceeding five hours without being afforded mandatory meal periods. Representative Plaintiff did not receive reimbursement for certain necessary business expenditures including, without limitation, mileage. Further, TD Ameritrade withheld commission-based wages to Representative Plaintiff on numerous occasions, without any legal justification therefor. The Representative Plaintiff is informed and believes, and based thereon, alleges that this conduct of Ameriprise is/was commonplace at every facility operated thereby.

14. As used throughout this Complaint, the terms "Plaintiff" and/or "class" refer to the Representative Plaintiff herein as well as each and every person eligible for membership in the plaintiff class, as further described and defined below.

15. At all times herein relevant, the Representative Plaintiff was a person within the class of persons further described and defined herein.

### DEFENDANT

16. At all times herein relevant, TD Ameritrade was and is a corporation and/or other form of business entity, duly licensed, with offices located within this judicial district and across California.

///

17. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, each person responsible for the acts alleged herein was the agent and/or employee of TD Ameritrade and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

18. The Representative Plaintiff brings this action on behalf of himself and as a class action on behalf of all persons similarly situated and proximately damaged by TD Ameritrade's conduct, as set forth herein, including, but not necessarily limited to, the following class:

> All persons who were employed as Investment Consultants (also referred to as "Stockbrokers" and/or "Representatives") by TD Ameritrade in California at any time on or after May 9, 2004.

19. TD Ameritrade, its officers and directors, are excluded from each of these class.

20. This action has been brought and may properly be maintained as a class action under FRCP Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable, to wit:

   a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of each of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes that there are well over a hundred individuals within the plaintiff class.

   b. <u>Commonality</u>: The Representative Plaintiff and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP Rule 23. These common questions include, but are not necessarily limited to:

      1. whether TD Ameritrade violated California laws by failing to pay overtime compensation to TD Ameritrade Investment Consultants who worked in excess of eight hours per day or 40 hours per week;

      2. whether TD Ameritrade violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and class members;

      3. whether TD Ameritrade violated California Business & Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

4. whether TD Ameritrade violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

5. whether TD Ameritrade violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that class members' employment with TD Ameritrade terminated;

6. whether TD Ameritrade violated California Labor Code § 226 by failing to provide semimonthly itemized statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period;

7. whether TD Ameritrade violated IWC Wage Orders and Labor Code Section 204, *et seq.* by unlawfully failing to pay amounts of earned compensation from its employees' commission paychecks;

8. whether Representative Plaintiff and class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203; and

9. whether TD Ameritrade violated California Labor Code §2802 by refusing to reimburse the Representative Plaintiff and class members for ordinary business expenses.

   c. <u>Typicality</u>: The Representative Plaintiff's claims are typical of the claims of members of the plaintiff class. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by TD Ameritrade's common course of conduct in violation of California law, as alleged herein.

   d. <u>Superiority of Class Action</u>: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, the Representative Plaintiff is informed and believes, and based thereon, alleges that TD Ameritrade, in refusing to pay overtime to class members, has acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class action certification is proper under FRCP Rule 23.

   e. <u>Adequacy of Representation</u>: The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interests in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. The Representative Plaintiff

anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

21.  TD Ameritrade was aware of and was under a duty to comply with California Labor Code § 2802(a), which requires an employer to indemnify its employees for all necessary expenditures or losses incurred by those employees in direct discharge of their duties. Despite this legal mandate, TD Ameritrade instructed and required class members to travel to and from off-site locations as a term and condition of their employment, without compensating them for the cost of same.

22.  As described herein, TD Ameritrade has, for years, knowingly failed to adequately compensate its Investment Consultants for all wages earned, including premium overtime pay, due under California Labor Code §§ 204 and 510, and/or the applicable California IWC Wage Order. Additionally, TD Ameritrade has a practice and policy of unlawfully deducting and/or withholding amounts of earned wages from class members' "commission" paychecks. Moreover, TD Ameritrade has knowingly failed to provide class members with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other financial services firms.

23.  Even upon the termination or resignation of the employment of the Representative Plaintiff and numerous class members during the class period, TD Ameritrade declined to pay these wages, in violation of California Labor Code §§ 201 and/or 202.

24.  Through the misclassification of the Representative Plaintiff and the class members as overtime-exempt employees, TD Ameritrade has also incorrectly and unlawfully treated class members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California IWC Wage Order. The Representative Plaintiff and the class members are and/or were unlawfully denied meal breaks and rest periods required by law.

25.  Moreover, California Labor Code §§ 201 and 202 require TD Ameritrade to pay all severed employees all wages due, immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer

willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed 30 days of wages.

26. Furthermore, despite its knowledge of the Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, TD Ameritrade violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of accurate time records by members of the class. TD Ameritrade also failed to provide Representative Plaintiff and class members with accurate semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, TD Ameritrade has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of its wrongdoing.

27. Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with TD Ameritrade.

28. More than 30 days have passed since plaintiff Jason Thomas and/or certain class members have left TD Ameritrade's employ.

29. As a consequence of TD Ameritrade's willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

30. As a direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, as described above, including loss of earnings for wages earned, including overtime wages and wages for commissions accrued and owed (pursuant to California Labor Code §§ 204 and 510), "waiting time" penalties (pursuant to California Labor Code § 203), loss of earnings for failure to provide regular meal and rest periods (pursuant to California Labor Code §§ 226.7 and 512), penalties for failure to provide semi-monthly statements of hours worked and all applicable hourly rates (pursuant to California

Labor Code § 226), in amounts to be established at trial. As a further direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

31. Representative Plaintiff seeks injunctive relief, prohibiting TD Ameritrade from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and class members under California's Unfair Competition Law. Unless enjoined, TD Ameritrade's unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of TD Ameritrade's wrongdoing. As a further direct and proximate result of this conduct, Representative Plaintiff and the class are also entitled to recover costs and attorneys' fees, pursuant to statute.

### FIRST CLAIM FOR RELIEF
### UNLAWFUL FAILURE TO PAY ALL WAGES DUE (INCLUDING OVERTIME)
**(Violation of California Wage Order and California Labor Code)**

32. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

33. On one or more dates during the class period, Representative Plaintiff and each class member were employed by and did perform work for TD Ameritrade, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant damages will be proven, in a formulaic manner, at trial.

34. On one or more dates during the class period, TD Ameritrade withheld amounts accrued and owing on commissions earned by Representative Plaintiff and class members.

35. During said time period, TD Ameritrade refused to compensate Representative Plaintiff and class members for some and/or all of the wages due them, including overtime wages, compensation for missed meal and/or rest periods, and/or amounts owed as commission payments, in violation of the applicable California Wage Order and/or the California Labor Code.

36. Moreover, during said time period, many of the class members herein were employed by and were thereafter terminated or resigned from their positions with TD Ameritrade, yet were not

paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by TD Ameritrade.

37.  At all relevant times, TD Ameritrade was aware of and was under a duty to comply with various provisions of the applicable IWC California Wage Order as well as California Labor Code §§ 201-204, *et seq.*, 510, 1198 and 1199.

38.  By refusing to compensate Representative Plaintiff and class members for all wages earned, TD Ameritrade violated those California Labor Code and IWC Wage Order provisions cited herein.

39.  As a direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of TD Ameritrade, in an amount to be established, in a formulaic manner, at trial, plus interest thereon. As a further direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

40.  Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

41.  At all relevant times, TD Ameritrade was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

42.  Specifically, California Labor Code § 226.7 provides:

(a)  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the

employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

43. Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

44. At all relevant times, TD Ameritrade was aware of and was under a duty to comply with the applicable IWC Wage Order.

45. Specifically, Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

46. Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

47. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Representative Plaintiff and the remaining class members, TD Ameritrade violated these California Labor Code and IWC Wage Order provisions.

///

48. Representative Plaintiff is informed and believes and, based thereon, alleges that TD Ameritrade has never paid the one hour of compensation due to any class member as a result of its violations of these California Labor Code and IWC Wage Order provisions.

49. As a direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

## THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226, 1174)

50. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51. California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

52. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

53. TD Ameritrade failed to provide timely, accurate itemized wage statements to Representative Plaintiff and class members in accordance with California Labor Code § 226(a). Specifically, none of the statements provided by TD Ameritrade to Representative Plaintiff and class members has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions therefor.

54. As a direct and proximate result of TD Ameritrade's unlawful conduct, as set forth herein, Representative Plaintiff and class members seek to recover penalties, in amounts to be established, in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

## FOURTH CLAIM FOR RELIEF
## UNREIMBURSED BUSINESS EXPENSES
### (California Labor Code §2802)

55. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

56. During the class period, TD Ameritrade required and instructed Representative Plaintiff and class members to expend personal funds to pay the normal business expenses of TD Ameritrade, including, but not limited to, travel expenses to and from off-site locations.

57. Thus, Representative Plaintiff and class members had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, which have not yet been reimbursed by TD Ameritrade.

58. At all relevant times, TD Ameritrade was aware of and was under a duty to comply with California Labor Code § 2802(a).

59. By requiring Representative Plaintiff and members of the plaintiff class to incur such expenses, Representative Plaintiff and members of the plaintiff class were forced and/or brought to contribute to the capital and expenses of the defendant's business.

60. California Labor Code § 2802 provides for interest at the rate of 10% simple interest per annum from the date of the expenditure, plus an award of attorneys' fees incurred to affect reimbursement.

///

61.   Therefore, Representative Plaintiff and the plaintiff class demand reimbursement for expenditures or losses incurred thereby in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of the employer, plus interest at the statutory rate, plus attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

62.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

63.   Representative Plaintiff brings this cause of action, seeking equitable, injunctive and statutory relief to stop the misconduct of TD Ameritrade, as complained of herein, and seeking restitution from TD Ameritrade through the unfair, unlawful and fraudulent business practices described herein.

64.   The knowing conduct of TD Ameritrade, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, TD Ameritrade conducted business activities while failing to comply with the legal mandates cited herein.

65.   TD Ameritrade's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to TD Ameritrade's competitors, engenders an unfair competitive advantage for TD Ameritrade, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

66.   TD Ameritrade has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the class herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of TD Ameritrade and as set forth in legislation and the judicial record.

///

## RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff**, on behalf of himself and the proposed **plaintiff class**, prays for judgment and the following specific relief against **TD Ameritrade**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed class and/or any other appropriate subclasses under FRCP Rule 23;

2. That the Court declare, adjudge and decree that TD Ameritrade violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Representative Plaintiff and the plaintiff class;

3. That the Court declare, adjudge and decree that TD Ameritrade violated the wage payment provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order governing commission wages as to the Representative Plaintiff and the plaintiff class;

4. That the Court make an award to Representative Plaintiff and class members of damages for the amount of unpaid compensation, including interest thereon, and penalties, in amounts to be proven, in a formulaic manner, at trial;

5. That the Court declare, adjudge and decree that TD Ameritrade violated its legal duties under California Labor Code §§ 226.7 and/or 512 and the relevant sections of the applicable IWC Wage Order to pay wages for missed meal and/or rest periods;

6. That the Court make an award to the Representative Plaintiff and the class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was due but not provided;

7. That the Court make an award to the Representative Plaintiff and the class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was due but not provided;

8. That the Court declare, adjudge and decree that TD Ameritrade violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the applicable California IWC Wage Order as to Representative Plaintiff and the class members, and for willful failure to

provide accurate semimonthly itemized statements thereto;

9. That the Court declare, adjudge and decree that TD Ameritrade violated California Labor Code § 2802 for willful failure to pay for Representative Plaintiff's and class members' ordinary business expenses, and for interest for amounts owed thereby;

10. That the Court declare, adjudge and decree that TD Ameritrade violated California Labor Code §§ 201-203 for willful failure to pay all compensation owed on or about the time of severance of employment of Representative Plaintiff and/or other class members;

11. That the Court declare, adjudge and decree that TD Ameritrade violated California Business & Professions Code § 17200, et seq. by failing to pay Representative Plaintiff and class members overtime and/or other forms of compensation and, generally, by misclassifying Representative Plaintiff the class members as overtime-exempt employees;

12. For an Order requiring TD Ameritrade to pay restitution to Representative Plaintiff and the class members as a result of TD Ameritrade's unfair, unlawful and/or fraudulent activities, pursuant to Business & Professions Code §§ 17200, et seq.;

13. For an injunction, enjoining TD Ameritrade to cease and desist from further unfair, unlawful and/or fraudulent activities in violation of California Business & Professions Code § 17200-17208;

14. For punitive/exemplary damages in an amount appropriate and sufficient to punish TD Ameritrade from engaging in similar misconduct in the future;

15. For all other Orders, findings, and determinations identified and sought in this Complaint;

16. For interest on the amount of any and all economic losses, at the prevailing legal rate;

17. For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5; and

18. For costs of suit and any and all such other relief as the Court deems just and proper.

///

///

///

## JURY DEMAND

The Representative Plaintiff and the plaintiff class hereby demand trial by jury on all issues triable of right by jury.

Dated: May 9, 2008

SCOTT COLE & ASSOCIATES, APC

By: _____
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the plaintiff class