JULIE L. TAYLOR, CASB No. 154341
julie.taylor@kyl.com
JULIE A. KOLE, CASB No. 203681
julie.kole@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
Four Embarcadero Center, Suite 1500
San Francisco, California  94111
Telephone:   (415) 398-6000
Facsimile:   (415) 981-0136

Attorneys for Defendant
TD AMERITRADE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOMAS, individually, and on behalf of all others similarly situated, | Case No. C08-02397 WDB |
| Plaintiff, | **TD AMERITRADE'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| vs. | |
| TD AMERITRADE, INC., | |
| Defendant. | |

Defendant TD Ameritrade, Inc. ("TD Ameritrade" or "Defendant") hereby answers the allegations contained in Plaintiff Jason Thomas's ("Mr. Thomas" or "Plaintiff") Class Action Complaint for Damages, Injunctive Relief and Restitution (the "Complaint") and admits, denies and alleges as follows.  Defendant reserves the right to file appropriate amendments to this Answer, if necessary, if and when additional information is obtained.

**PRELIMINARY STATEMENT**

1.     The allegations in Paragraph No. 1 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 1, and in particular, denies that this action is appropriate for class action treatment.

2. The allegations in Paragraph No. 2 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 2, and in particular, denies that this action is appropriate for class action treatment.

3. Paragraph No. 3 of the Complaint states the time period that Plaintiff has assigned the term "class period" and therefore no response is required. To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 3, and in particular, denies that this action is appropriate for class action treatment and denies that it has violated any California wage and hour laws at any time, including during the alleged "class period."

4. TD Ameritrade admits that the individuals employed by TD Ameritrade in the position of Investment Consultant ("Investment Consultants") were classified as "exempt" and not paid premium hourly overtime wages. TD Ameritrade further admits that because it classified its Investment Consultants as "exempt" employees, TD Ameritrade did not provide Investment Consultants with semimonthly statements reflecting the total number of hours worked and the hourly rates in effect during that time period in the same manner that they provided such information to "non-exempt" employees. TD Ameritrade denies the remaining allegations in Paragraph No. 4 of the Complaint.

## INTRODUCTION

5. The allegations in Paragraph No. 5 of the Complaint state purported summaries of law to which no response is required. To the extent that a response is required, TD Ameritrade states that the text and the history of the pertinent laws speak for themselves.

6. TD Ameritrade admits that it sells securities and financial products to the public and that, during the alleged "class period," it operated facilities within California and employed individuals as exempt Investment Consultants. TD Ameritrade denies the remaining allegations in Paragraph No. 6 of the Complaint.

7.    TD Ameritrade denies the allegations in Paragraph 7 of the Complaint.

8.    TD Ameritrade denies the allegations in Paragraph 8 of the Complaint.

9.    TD Ameritrade admits that Investment Consultants were classified as "exempt" and not paid premium hourly overtime wages. TD Ameritrade denies the remaining allegations in Paragraph 9 of the Complaint.

10.    TD Ameritrade denies the allegations in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.    The allegations in Paragraph No. 11 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, TD Ameritrade admits that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 and in any other District within California. TD Ameritrade further admits that it maintains offices, transacts business, and has agents within the Northern District of California and is within this Court's jurisdiction for purposes of service of process. TD Ameritrade further admits that it has employed Investment Consultants in this judicial district and in other districts in California. Plaintiff's allegation that TD Ameritrade "operates said facilities and has employed numerous class members in this judicial district as well as throughout the State of California" is imprecise and general in nature and on that basis, TD Ameritrade denies that allegation. TD Ameritrade denies the remaining allegations in Paragraph 11 of the Complaint.

## PLAINTIFF(S)

12.    TD Ameritrade admits that Plaintiff was employed by TD Ameritrade as an Investment Consultant at one of TD Ameritrade's California branch offices during some portion of the alleged "class period." TD Ameritrade denies the remaining allegations in Paragraph No. 12 of the Complaint.

13.    TD Ameritrade denies the allegations in Paragraph 13 of the Complaint.

14.    The allegations in Paragraph 14 of the Complaint describe the definition that Plaintiff has assigned to the terms "Plaintiff" and "class" as used in his Complaint

to which no response is required. To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 14, and in particular, denies that this action is appropriate for class action treatment.

15. TD Ameritrade admits that Plaintiff was employed as an Investment Consultant by TD Ameritrade out of one of TD Ameritrade's California branch offices at some point during the alleged "class period." TD Ameritrade denies, however, that this action is appropriate for class action treatment.

## DEFENDANT

16. TD Ameritrade admits that, at all times relevant to this suit, TD Ameritrade was and is a corporation and/or other business entity, duly licensed, with offices located in this judicial district and in other judicial districts in California. TD Ameritrade further admits that it has offices or business locations in California. TD Ameritrade denies the remaining allegations in Paragraph No. 16 of the Complaint.

17. The allegations contained in Paragraph No. 17 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 17 of the Complaint.

## CLASS ACTION ALLEGATIONS

18. The allegations in Paragraph No. 18 of the Complaint state conclusions of law and class allegations to which no responses is required. To the extent that a response is required, TD Ameritrade denies that this lawsuit is appropriate for class action treatment or that the "class" as that term is defined in Plaintiff's Complaint is a proper class.

19. The allegations in Paragraph No. 19 of the Complaint state Plaintiff's intent to exclude TD Ameritrade, its officers and directors from the putative class described in Paragraph No. 18 of the Complaint, to which no response is required. To the extent that a response is required, TD Ameritrade denies that this lawsuit is appropriate for class action treatment.

20. The allegations in Paragraph No. 20 of the Complaint and its subsections

state conclusions of law and class allegations to which no response it required. To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 20 and its subsections, and in particular, TD Ameritrade denies that this action is appropriate for class action treatment.

## COMMON FACTUAL ALLEGATIONS

21. TD Ameritrade admits that, at all times relevant to this action, TD Ameritrade was aware of or on constructive notice of its responsibility to comply with the statute identified in Paragraph No. 21 of the Complaint. TD Ameritrade denies, however, that TD Ameritrade failed to comply with the statute identified at any time, including the time relevant to this action.

22. TD Ameritrade denies the allegations in Paragraph No. 22 of the Complaint.

23. TD Ameritrade denies the allegations in Paragraph No. 23 of the Complaint.

24. TD Ameritrade denies the allegations in Paragraph No. 24 of the Complaint.

25. The allegations in Paragraph No. 25 of the Complaint contain an alleged paraphrasing of the California Labor Code (including §§ 201, 202 and 203) to which no response is required. To the extent a response is required, TD Ameritrade responds that the terms of the statutes speak for themselves and it denies that it violated these statutes.

26. TD Ameritrade admits that because it classified its Investment Consultants as "exempt" employees, it did not keep hourly records for its Investment Consultants in the same manner that TD Ameritrade kept hourly time records for "non-exempt" employees. TD Ameritrade further admits that because it classified its Investment Consultants as "exempt" employees, it did not provide Investment Consultants semimonthly statements reflecting the total number of hours worked and the hourly rates in effect during that time period in the same manner that they provided

such information to "non-exempt" employees. The remaining allegations in Paragraph No. 26 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, TD Ameritrade denies the remaining allegations in Paragraph No. 26.

27.   TD Ameritrade denies the allegations in Paragraph No. 27 of the Complaint.

28.   TD Ameritrade admits that more than 30 days have passed since Plaintiff left TD Ameritrade's employ. TD Ameritrade further admits that more than 30 days have passed since certain other Investment Consultants who fall within the alleged "class," as that term is defined in Plaintiff's Complaint, left their employment with TD Ameritrade.

29.   TD Ameritrade denies the allegations in Paragraph No. 29 of the Complaint.

30.   TD Ameritrade denies the allegations in Paragraph No. 30 of the Complaint.

31.   Paragraph No. 31 of the Complaint states Plaintiff's intent to seek certain types of remedies to which no response is required. To the extent that a response is necessary, TD Ameritrade denies that this lawsuit is appropriate for class action treatment and denies that Plaintiff or members of the putative class action are entitled to any relief whatsoever. TD Ameritrade denies the remaining allegations in Paragraph No. 31.

## FIRST CLAIM FOR RELIEF
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE (INCLUDING OVERTIME)**
**(Violation of California Wage Order and California Labor Code)**

32.   The allegations in Paragraph No. 32 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, TD Ameritrade denies any allegations not specifically admitted elsewhere.

33.   TD Ameritrade admits that Plaintiff and other members of the putative class were employed by and did perform work for TD Ameritrade. TD Ameritrade denies the remaining allegations in Paragraph No. 33 of the Complaint.

34.   TD Ameritrade denies the allegations in Paragraph No. 34 of the Complaint.

35.   TD Ameritrade denies the allegations in Paragraph No. 35 of the Complaint.

36.   TD Ameritrade denies the allegations in Paragraph No. 36 of the Complaint.

37.   TD Ameritrade admits that, at all times relevant to this action, TD Ameritrade was aware of or on constructive notice of its responsibilities to comply with the statutes identified in Paragraph No. 37 of the Complaint. TD Ameritrade denies, however, that it failed to comply with any of those statutes at any time, including the time relevant to this action.

38.   The allegations contained in Paragraph No. 38 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 38 of the Complaint.

39.   The allegations in Paragraph No. 39 of the Complaint state conclusions of law and class allegations to which no response is required.  To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 39, and in particular, denies that this action is appropriate for class action treatment and denies that Plaintiff or members of the putative class action are entitled to any relief whatsoever.

### SECOND CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
(California Labor Code §§ 226.7 and 512)

40.   The allegations in Paragraph No. 40 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, TD Ameritrade denies any allegations not specifically admitted

1  elsewhere.

2  41.   TD Ameritrade admits that, at all times relevant to this action, TD
Ameritrade was aware of or on constructive notice of its responsibilities to comply with
the statutes identified in Paragraph No. 41 of the Complaint. TD Ameritrade denies,
however, that TD Ameritrade failed to comply with any of those statutes at any time,
including the time period relevant to this action.

42.   The allegations in Paragraph No. 42 of the Complaint contain an alleged
quotation of California Labor Code § 226.7 to which no response is required. To the
extent a response is required, TD Ameritrade responds that the terms of the statute
speak for themselves.

43.   The allegations in Paragraph No. 43 of the Complaint contain an alleged
quotation of California Labor Code § 512 to which no response is required. To the extent
a response is required, TD Ameritrade responds that the terms of the statute speak for
themselves.

44.   TD Ameritrade admits that, at all times relevant to this action, TD
Ameritrade was aware of or on constructive notice of its responsibilities to comply with
the Wage Order identified in Paragraph No. 44 of the Complaint. TD Ameritrade
denies, however, that TD Ameritrade failed to comply with the Wage Order at any time,
including the time period relevant to this action.

45.   The allegations in Paragraph No. 45 of the Complaint contain an alleged
quotation of Section 11 of the California Industrial Welfare Commission Wage Order to
which no response is required. To the extent a response is required, TD Ameritrade
responds that the terms of the Order speak for themselves.

46.   The allegations in Paragraph No. 46 of the Complaint contain an alleged
quotation of Section 12 of the California Industrial Welfare Commission Wage Order to
which no response is required. To the extent a response is required, TD Ameritrade
responds that the terms of the Order speak for themselves.

47.   The allegations in Paragraph No. 47 of the Complaint state conclusions of

TD AMERITRADE'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF AND RESTITUTION - Case No. C08-02397 WDB

1  law to which no response is required. To the extent that a response is required, TD
2  Ameritrade denies the allegations in Paragraph No. 47 of the Complaint.

3      48.    TD Ameritrade denies that it has violated the California Labor Code and
4  IWC Wage Orders and on that basis denies the allegations in Paragraph No. 48 of the
5  Complaint.

6      49.    The allegations in Paragraph No. 49 of the Complaint state conclusions of
7  law and class allegations to which no response is required. To the extent a response is
8  required, TD Ameritrade denies the allegations in Paragraph No. 49, and in particular,
9  denies that this action is appropriate for class action treatment and denies that Plaintiff
10  or members of the putative class action are entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226, 1174)

14      50.    The allegations in Paragraph No. 50 of the Complaint reincorporate
15  previously asserted allegations and no additional response is required. To the extent a
16  response is required, TD Ameritrade denies any allegations not specifically admitted
17  elsewhere.

18      51.    The allegations in Paragraph No. 51 of the Complaint contain an alleged
19  quotation of California Labor Code § 226(a) to which no response is required. To the
20  extent a response is required, TD Ameritrade responds that the terms of the statute
21  speak for themselves.

22      52.    The allegations in Paragraph No. 52 of the Complaint contain an alleged
23  quotation of California Labor Code § 226(e) to which no response is required. To the
24  extent a response is required, TD Ameritrade responds that the terms of the statute
25  speak for themselves.

26      53.    TD Ameritrade admits that because it classified its Investment Consultants
27  as "exempt" employees, it did not keep hourly time records for Plaintiff or other
28  Investment Consultants in the same manner that TD Ameritrade kept hourly time

records for "non-exempt" employees. TD Ameritrade further admits that because it classified its Investment Consultants as "exempt" employees, it did not provide Plaintiff or other Investment Consultants semimonthly statements reflecting the total number of hours worked and the hourly rates in effect during that time period in the same manner they provided such information to "non-exempt" employees. TD Ameritrade denies the remaining allegations in Paragraph No. 53 of the Complaint.

54. The allegations in Paragraph No. 54 of the Complaint state conclusions of law and class allegations to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 54, and in particular, denies that this action is appropriate for class action treatment and denies that Plaintiff or members of the putative class action are entitled to any relief whatsoever.

### FOURTH CLAIM FOR RELIEF
### UNREIMBURSED BUSINESS EXPENSES
### (California Labor Code § 2802)

55. The allegations in Paragraph No. 55 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, TD Ameritrade denies any allegations not specifically admitted elsewhere.

56. TD Ameritrade denies the allegations in Paragraph No. 56 of the Complaint.

57. TD Ameritrade denies the allegations in Paragraph No. 57 of the Complaint.

58. TD Ameritrade admits that, at all times relevant to this action, TD Ameritrade was aware of or on constructive notice of its responsibilities to comply with the statute identified in Paragraph No. 58 of the Complaint. TD Ameritrade denies, however, that TD Ameritrade failed to comply with that statute at any time, including the time period relevant to this action.

59. TD Ameritrade denies the allegations in Paragraph No. 59 of the

Complaint.

60. The allegations in Paragraph No. 60 of the Complaint contain an alleged paraphrasing of California Labor Code § 2802 to which no response is required. To the extent that a response is required, TD Ameritrade responds that the terms of the statute speak for themselves.

61. The allegations in Paragraph No. 61 of the Complaint state Plaintiff and putative class members' demand for reimbursement to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 61, and in particular, denies that this action is appropriate for class action treatment and denies that Plaintiff or members of the putative class action are entitled to any relief whatsoever.

### FIFTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)

62. The allegations in Paragraph No. 62 of the Complaint reincorporate previously asserted allegations and no additional response is required. To the extent a response is required, TD Ameritrade denies any allegations not specifically admitted elsewhere.

63. The allegations in Paragraph No. 63 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, TD Ameritrade denies the allegations in Paragraph No. 63 and denies that Plaintiff or any member of the putative class is entitled to equitable, injunctive or statutory relief or any other form of relief whatsoever.

64. The allegations in Paragraph No. 64 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, TD Ameritrade denies the allegations in Paragraph No. 64.

65. The allegations in Paragraph No. 65 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, TD

1 | Ameritrade denies the allegations in Paragraph No. 65.

2 |     66.   TD Ameritrade denies the allegations in Paragraph No. 66 of the Complaint.

    TD Ameritrade denies that Plaintiff is entitled to a jury trial on all claims presented in the Complaint.

    TD Ameritrade denies all allegations not specifically admitted herein.

### AFFIRMATIVE DEFENSES

    In further answer to Plaintiff's Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses:

    AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each and every claim for relief therein, fails to state a claim upon which relief may be granted.

    AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute an individual cause of action against Defendant.

    AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute any class cause of action against Defendant.

    AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that by reason of the conduct of Plaintiff, Plaintiff is estopped to assert any right to relief.

    AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that any act or omission giving rise to Plaintiff's action was in good faith and that Defendant had reasonable grounds for believing that its acts or omissions did not violate any statute, regulation and/or law.

    AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the damages for which Plaintiff seeks to hold Defendant liable

resulted in whole or in part from Plaintiff's acts or omissions, and Defendant is in no way responsible for or liable to Plaintiff for his own wrongful or negligent acts or omissions.

AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, because Defendant's alleged practices referenced in the Complaint are not "unlawful" within the meaning of Business & Professions Code §§ 17200, et seq.

AS AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, because Defendant's alleged practices referenced in the Complaint are not "unfair" within the meaning of Business & Professions Code §§ 17200, et seq.

AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, because Defendant's alleged practices referenced in the Complaint are not "fraudulent" within the meaning of Business & Professions Code §§ 17200, et seq.

AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340 and/or 343, and California Business & Professions Code section 17208.

AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and thus, Plaintiff's claims are barred by the equitable doctrine of *laches*.

AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not entitled to any penalty award under Section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or

applicable wage order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or applicable wage order.

AS A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that certain putative class members may have waived and/or released some or all of the claims asserted in the Complaint.

AS A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that, by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages he allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable efforts to mitigate his damages.

AS A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims for injunctive relief are barred because Plaintiff has an adequate and complete remedy at law and/or Plaintiff cannot make the requisite showing to obtain injunctive relief.

AS A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that the Court lacks jurisdiction over Plaintiff's claims to the extent one or more of the parties have entered into an agreement to individually arbitrate all employment related claims and has waived his or her ability to pursue this action as a class action.

FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for civil penalties is not cognizable under the facts of this case and is otherwise barred by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution.

FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claim for civil penalties is not cognizable under the facts of this case and is otherwise barred by the Excessive Fines Clauses of the Eighth Amendment of the United States Constitution and Article I, Section 17 of the California Constitution.

FOR A NINETEENTH AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint is barred, in whole or in part, because at all relevant times Plaintiff was exempt from the requirements to pay overtime compensation and other wage and hour requirements and restrictions under the California Labor Code, California Industrial Welfare Commission Wage Orders and associated regulations, including without limitation Cal. Labor Code § 515 and Title 8 of the California Code of Regulations § 11040(1)(A).

FOR A TWENTIETH AFFIRMATIVE DEFENSE, Defendant alleges that to the extent that Plaintiff alleges that his job duties were primarily non-exempt in nature, the duties that TD Ameritrade required and reasonably expected Plaintiff to perform were primarily exempt in nature.

FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is not entitled to recover punitive damages because such remedies are not available as a matter of law in this action, and/or because Plaintiff has failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to California Civil Code § 3294 are not met.

FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, Defendant alleges that the claims for punitive damages, penalties and other exemplary remedies in the Complaint are barred or limited by California law, the doctrine of implied statutory preemption, the due process clauses of the Fifth and Fourteenth Amendments and other constitutional and statutory protections.

FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint and each of the causes of action contained therein is barred because Plaintiff has suffered no damages or injury.

FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state a claim for penalties under Labor Code § 226(e) because TD Ameritrade's failure to keep adequate records, if any, was not knowing or intentional.

FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's prayer for relief under the California Unfair Competition law is barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of any monetary relief other than restitution, such as damages, penalties, disgorgement or attorney fees.

TD Ameritrade reserves the right to assert additional affirmative defenses as they become known during the course of the litigation.

## PRAYER

WHEREFORE, TD Ameritrade prays for relief as follows:

1. That Plaintiff takes nothing by his Complaint and that such Complaint be dismissed with prejudice;

2. That TD Ameritrade recover its costs and attorneys' fees incurred herein pursuant to relevant statutes, including without limitation, California Labor Code § 218.5; and

3. That the Court grant TD Ameritrade such other relief as it deems just and proper.

DATED: June 10, 2008

JULIE L. TAYLOR
JULIE A. KOLE
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
TD AMERITRADE, INC.

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years, and I am not a party to the within action. My business address is Four Embarcadero Center, Suite 1500, San Francisco, CA 94111, and my telephone number is (415) 398-6000.

On the date indicated below, I served a true copy of the following document(s):

**TD AMERITRADE'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

☒    **BY E-MAIL:** I caused such document(s) to be served electronically on all parties via the United States District Court's Northern District ECF e-filing system.

☒    Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

Executed on June 16, 2008 at San Francisco, California.

*/s/ K'Ann M. Klein*
K'Ann M. Klein

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years, and I am not a party to the within action. My business address is Four Embarcadero Center, Suite 1500, San Francisco, CA 94111, and my telephone number is (415) 398-6000.

On the date indicated below, I served a true copy of the following document(s):

**TD AMERITRADE'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

☒    **BY E-MAIL:** I caused such document(s) to be served electronically on all parties via the United States District Court's Northern District ECF e-filing system.

☒    Pursuant to California Rules of Court, Rule 201, and the Local Rules of the United States District Court, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by section 42202 of the Public Resources Code.

Executed on June 16, 2008 at San Francisco, California.

*[signature]*
K'Ann M. Klein