1  Scott Edward Cole, Esq. (S.B. #160744)
   Matthew R. Bainer, Esq. (S.B. #220972)
2  Carrie S. Lin, Esq. (S.B. #241849)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  Web:   www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff class
7
   Julie L. Taylor, Esq. (S.B. #154341)
8  Julie A. Kole, Esq. (S.B. #203681)
   **KEESAL, YOUNG & LOGAN, APC**
9  450 Pacific Avenue
   San Francisco, California 94133
10 Telephone: (415) 398-6000
   Facsimile:  (415) 981-0136
11 Email: julie.taylor@kyl.com
              julie.kole@kyl.com
12 web:    www.kyl.com

13 Attorneys for Defendant
   TD Ameritrade, Inc.
14

15                       **UNITED STATES DISTRICT COURT**

16                       **NORTHERN DISTRICT OF CALIFORNIA**

17

18 | JASON THOMAS, individually, and on behalf of all others similarly situated, | ) ) | **Case No.: C 08-02397 WDB** |
|---|---|---|
19 |                                Plaintiff, | ) ) ) | **CLASS ACTION** |
20 | vs. | ) ) ) | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |
21 |  | ) ) |  |
22 | TD AMERITRADE, INC., | ) ) | Date:        August 13, 2008 Time:       4:00 p.m. |
23 |                                Defendant. | ) ) | Judge:      Hon. Wayne D. Brazil Courtroom:   4 |

24

25     Plaintiff Jason Thomas ("Plaintiff"), individually and as the class representative, and

26 Defendant TD Ameritrade, Inc. ("Defendant" or "TD Ameritrade") jointly submit this Case

27 Management Conference Statement and Proposed Order and request that the Court adopt the

28 Proposed Order as its Case Management Order.

1. <u>Jurisdiction and Service</u>: Plaintiff filed this Complaint on May 9, 2008 in the United States District Court, Northern District of California, Case No. C08-02397 WDB on behalf of himself and all individuals similarly situated throughout California. Defendant answered on June 16, 2008. Plaintiff Jason Thomas is a resident of California. TD Ameritrade is a corporation organized under the laws of New York with its principal place of business in Omaha, Nebraska. The amount in controversy exceeds $75,000. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1391. There are no known parties remaining to be served.

2. <u>Facts</u>: Plaintiff alleges that he, like the other similarly situated class members, was mis-classified by TD Ameritrade as an overtime exempt employee, and thereby deprived of wages for all hours worked, including overtime pay, and compensation for missed meal and rest break and related penalties. Plaintiff further alleges that Defendant failed to pay monies owed for ordinary business expenses, and commissions owed to himself and similarly situated class members. He brings this action, alleging violations of California state wage and hour laws, on behalf of a putative class consisting of Plaintiff and his fellow Investment Consultants within the state of California. TD Ameritrade denies these allegations.

Defendant denies that Plaintiff's primary duties were non-exempt and further denies that Plaintiff was entitled to overtime premiums or other minimum standards applicable to non-exempt hourly employees. Defendant further denies that it failed to reimburse Plaintiff for ordinary business expenses or pay Plaintiff earned commissions. Plaintiff seeks to represent a proposed class of individuals also employed as Investment Consultants in TD Ameritrade branches throughout the State of California. Defendant opposes treatment of this case as a class action.

3. <u>Legal Issues</u>: The parties identify the primary legal and factual issue in dispute as to whether the Representative Plaintiff and the putative class members performed work entitling them to overtime pay, meal and rest period compensation, reimbursement business expenses, recovery of commission earned but not paid, and related penalties, and whether Defendant properly classified the Representative Plaintiff and the putative class members (Investment Consultants) as overtime exempt employees. Defendant further identifies as a primary legal issue in dispute whether treatment of this case as a class action is proper.

4. <u>Motions</u>:

**a.   Prior Motions:** No motions have yet been filed in this action.

**b.   Pending Motions:** Plaintiff anticipates filing a Motion For Class Certification subsequent to a phase of discovery aimed at class certification issues. Defendant intends to oppose Plaintiff's Motion for Class Certification and further anticipates the filing of a Motion for Summary Judgment/Adjudication.

5.   <u>Amendment to the Pleadings</u>: The parties do not anticipate any amendment of the pleadings at this time. The parties agree to reserve the right to amend pleadings pending the outcome of discovery.

6.   <u>Evidence Preservation</u>: TD Ameritrade has taken steps to preserve evidence relating to the subject matter of this litigation and instituted a document retention hold to ensure the preservation of evidence. Plaintiff has likewise retained his evidence relating to the subject matter of this litigation, including the maintenance of case-related documents by class counsel in electronic format.

7.   <u>Disclosures</u>: The parties have stipulated to extend the time for exchange of Initial Disclosures pursuant to FRCP 26(a)(1) until August 20, 2008.

8.   <u>Discovery</u>: No discovery has been propounded at this time. The parties respectively propose the following discovery plans:

**a.   Defendant:** Defendant intends to conduct discovery encompassing the full scope of factual and legal issues in accordance with the Federal Rules of Civil Procedure, including interrogatories, requests for production of documents, request for admissions and depositions. Defendant believes, however, that discovery prior to Plaintiff's filing of a Motion for Class Certification should be limited to issues relating to class certification. Defendant believes that proceeding with discovery in this matter will be the most efficient and effective way of proceeding and that an initial discovery phase limited to class certification issues will allow both parties to effectively address the threshold issue of whether class certification is proper in this matter.

**b.   Plaintiff:** Plaintiff believes that, while merits adjudications need not be made at the point of class certification, there exists substantial cross-over between merits and class certification

1    issues, such that bifurcating discovery would lead to duplicative efforts by all counsel, a waste of
2    judicial and the parties' resources and the incurrence of unnecessary delay. Moreover, to the extent
3    that Defendant may argue that individual determinations predominate over common issues, Plaintiff
4    believes he should be permitted to discover what those alleged individual issues are prior to bringing
5    his anticipated motion for class action treatment. Finally, to the extent that the parties can discover
6    facts that would aid in their respective evaluation of the case on the merits, such could facilitate
7    early settlement of claims.

8    As such, Plaintiff would oppose bifurcation of class certification from merits related
9    discovery issues. Plaintiff intends to serve written discovery upon Defendant, including
10   interrogatories, requests for production of documents and things, and requests for admission.
11   Plaintiff intends to depose employees of Defendant and other persons with knowledge relevant to
12   class certification issues. Both parties agree and recommend that the presumptive limitations on
13   discovery imposed by the Federal Rules of Civil Procedure should govern this action outside of
14   those deadlines.

15   9.    Class Action: Plaintiff believes that membership in the proposed class, as defined in
16   the Complaint, is ascertainable and that there exists a well-defined community of interest in the
17   litigation. The class consist of all individuals employed by Defendant as Investment Consultants
18   within California from May 9, 2004 to the present. Plaintiff anticipates filing a Motion for Class
19   Certification after engaging in meaningful discovery and envisions no management difficulties in
20   this litigation. Defendant denies that this case is suitable for class action treatment, and contends that
21   any motion for class certification should be denied.

22   10.   Related Cases: The parties are not aware of any other related cases.

23   11.   Relief: Plaintiff seeks damages on his own behalf as well as on behalf of the putative
24   class members for Defendant's alleged violations of the California wage and hour laws. The amount
25   sought will be determined by further merits-related discovery and/or disposition of common liability
26   issues. Plaintiff and the class members also seek restitution and injunctive relief under California
27   Business and Professions Code § 17200, *et sequitur*. Defendant denies that Plaintiff or any of the
28   putative class members are entitled to any award of damages or the restitution or injunctive relief

requested.

12. <u>Settlement and ADR</u>: The parties have each complied with Civil L.R 16-8(b) and ADR L.R. 3-5(b) by reading the Northern District of California's Dispute Resolution handbook, discussing available dispute resolutions options, and considering whether this action might benefit from the utilization of a dispute resolution modality. The parties are amenable to participating in ADR in the form of private mediation, but believe that a decision as to the method of ADR should be deferred until a later date, pending the outcome of further discovery.

13. <u>Consent to Magistrate</u>: Defendant consents to a Magistrate for all purposes. Plaintiff consents to a Magistrate for all purposes.

14. <u>Other References</u>: This matter is not suitable for any other references.

15. <u>Narrowing of Issues</u>: The parties believe it is too early to determine whether issues may be narrowed by agreement or motion, except to the extent that initial discovery into certification issues will help define and expedite the issues and discovery relating to the merits of class claims.

16. <u>Expedited Schedule</u>: Given the complex nature of this class action, Plaintiff does not believe the case can be handled on an expedited basis or with streamlined procedures, except to the extent that initial discovery into certification issues will help define and expedite the issues and streamline discovery relating to the merits of class claims. Defendant does not believe that an expedited schedule is appropriate in this matter and further submits that discovery should be conducted as set forth in section 8a above.

17. <u>Scheduling</u>: The parties believe that any scheduling at this time should be limited to setting a further Case Management Conference or ADR deadline.

18. <u>Trial</u>: Plaintiff requests a jury trial. Plaintiff believes that it is premature to set a trial date at this time given the lengthy discovery that needs to be conducted as well as the class certification and potential notification processes that remain. Plaintiff is unable to estimate the length of the trial at this time. Defendant requests a bench trial. Defendant agrees that it is premature to set a trial date at this time.

1  19. Disclosure of Non-Party Interested Entities or Persons: Defendant has filed and served a Certification as to Interested Parties on June 16, 2008, identifying TD Ameritrade, Inc., parent company of Defendant, as a non-party which may have a financial interest in this proceeding.

Dated: August 6, 2008

**KEESAL, YOUNG & LOGAN, APC**

By: /s/Julie L. Taylor
Julie L. Taylor, Esq.
Julie A. Kole, Esq.
Attorneys for Defendant
TD Ameritrade, Inc.

Dated: August 6, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

**ATTESTATION OF E-FILED SIGNATURE**

I, Carrie S. Lin, Esq., am the ECF User whose ID and password are being used to file this Certification of Service. In compliance with General Order 45, X.B., I hereby attest that Julie L. Taylor has read and approved this Certificate of Service and consents to its filing in this action.

Dated: August 6, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/Carrie S. Lin
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

**[PROPOSED] ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: August ___, 2008

By: _____
Hon. Wayne D. Brazil
United States Magistrate Judge

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 8 -
Joint Case Management Conference Statement and [Proposed] Order