Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Carrie S. Lin, Esq. (S.B. #241849)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

Julie L. Taylor, Esq. (S.B. #154341)
Julie A. Kole, Esq. (S.B. #203681)
**KEESAL, YOUNG & LOGAN, APC**
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile:  (415) 981-0136
Email: julie.taylor@kyl.com
       julie.kole@kyl.com
web:   www.kyl.com

Attorneys for Defendant
TD Ameritrade, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON THOMAS, individually, and on behalf of all others similarly situated, | **Case No.: C 08-02397 WDB** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **JOINT F.R.C.P. RULE 26(f) REPORT** |
| TD AMERITRADE, INC. | Date:       August 20, 2008 |
| Defendant. | Time:       4:00 p.m. |
| | Judge:      Hon. Wayne D. Brazil |
| | Courtroom:  4 |

a. <u>Statement of the Case</u>: Plaintiff Jason Thomas ("Plaintiff") is a former Investment Consultant for Defendant TD Ameritrade, Inc. ("TD Ameritrade," or "Defendant"). Plaintiff claims that, during his tenure with the defendant, he was mis-classified as an overtime-exempt employee, and denied overtime compensation as well as mandatory meal and rest periods. He further alleges that Defendant failed to pay all wages due for hours worked, including overtime wages, failed to pay

1  commissions owed, and failed to reimburse him for business expenses for reasons that were not the
2  result of any wrongdoing by Plaintiff. Furthermore, Plaintiff alleges, on behalf of himself and a
3  putative class of similarly situated "Investment Consultants," that Defendant failed to issue accurate
4  itemized wage statements and that Defendant's actions violated California's Unfair Competition
5  Act. Lastly, Plaintiff alleges that he and the putative class are entitled to "waiting time" penalties
6  for failure to pay all wages due in a timely manner.

7  Defendant denies that Plaintiff's primary duties were non-exempt and further denies that
8  Plaintiff was entitled to overtime premiums or other minimum standards applicable to non-exempt
9  hourly employees. Defendant further denies that it failed to reimburse Plaintiff for ordinary business
10 expenses or pay Plaintiff earned commissions. Plaintiff seeks to represent a proposed class (or sub-
11 classes) of individuals also employed as Investment Consultants in TD Ameritrade branches
12 throughout the State of California. Defendant opposes treatment of this case as a class action.

13   b.   <u>Subject Matter Jurisdiction</u>: The Court has jurisdiction over the subject matter of this
14 action under 28 U.S.C. § 1391 and because of the diversity of jurisdiction of the parties.

15   c.   <u>Legal Issues</u>: The parties identify the primary legal and factual issues in dispute to
16 be whether the Representative Plaintiff and the putative class members performed work entitling
17 them to overtime pay and heretofore unpaid commission, meal and rest period compensation,
18 reimbursed business expenses, and related penalties, and whether the defendant properly classified
19 the Representative Plaintiff and the putative class members (Investment Consultants) as overtime
20 exempt employees. Defendant further identifies as a primary legal issue in dispute whether treatment
21 of this case as a class action is proper.

22   d.   <u>Parties, Evidence, Etc.</u>:
23      (1)  *Parties*:
24          (a)  Jason Thomas (Plaintiff and putative class representative)
25          (b)  TD Ameritrade, Inc. (Defendant)
26      (2)  *Witnesses*:
27  At this point in the litigation, the parties are unable to list the expected witnesses for trial.
28 It is expected that, in addition to party witnesses, testimony will be necessary from persons who are

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  or were employed by Defendant as Investment Consultants. Plaintiff believes that testimony will
2  also be necessary from certain clients of the Defendant. The parties have not met and conferred as
3  to witness lists or as to the relevancy of any anticipated testimony to be elicited therefrom.

4      (3)   *Documents*:

5  At this point in the litigation, the parties are unable to all list relevant documents with
6  specificity. At the very least, the parties anticipate that Defendant's written employment policies,
7  payroll records and communications with Investment Consultants regarding their job duties and the
8  terms of their employment will be relevant to the issues in this action.

9      e.   <u>Status of Discovery</u>: The parties mutually agree to open discovery as of the date of
10 the parties' initial meet and confer conference, being August 13, 2008. The parties will exchange
11 Initial Disclosures by no later than August 20, 2008, pursuant to stipulation.

12     f.   <u>Discovery Plan</u>: The parties have not agreed to a discovery plan.

13     TD AMERITRADE'S PROPOSAL:

14 Defendant intends to conduct discovery encompassing the full scope of factual and legal
15 issues in accordance with the Federal Rules of Civil Procedure, including interrogatories, requests
16 for production of documents, request for admissions and depositions. Defendant believes, however,
17 that discovery prior to Plaintiff's filing of a Motion for Class Certification should be limited to
18 issues relating to class certification. Defendant believes that proceeding with discovery in this
19 manner will be the most efficient and effective way of proceeding and that an initial discovery phase
20 limited to class certification issues will allow both parties to effectively address the threshold issue
21 of whether class certification is proper in this matter.

22     PLAINTIFF'S PROPOSAL:

23 Plaintiff does not believe a formal discovery plan is necessary at this juncture. Plaintiff
24 believes that, while merits adjudications should not be made at the point of class certification, there
25 may exist substantial cross-over between merits and class certification issues, such that bifurcating
26 discovery would lead to duplicative efforts by all counsel, a waste of judicial and the parties'
27 resources and the incurrence of unnecessary delay. Moreover, to the extent that Defendant may
28 argue that individual determinations predominate over common issues, Plaintiff believes he should

1  be permitted to discover what those alleged individual issues are prior to bringing his anticipated
2  motion for class certification. Finally, to the extent that the parties can discover facts that would aid
3  in their respective evaluation of the case on the merits, such could facilitate early settlement of
4  claims. As such, Plaintiff vigorously opposes bifurcation of class certification from merits related
5  discovery issues.

6       g.    Initial Disclosure Timing: The parties have exchanged Initial Disclosures as of
7  August 20, 2008, pursuant to stipulation.

8       h.    Requested Changes to Discovery Limits: The Court has not yet imposed any
9  discovery limits on the parties, but both parties reserve the right to request changes in the event the
10  Court does so. Plaintiff expects the need to exceed the discovery limits for interrogatories.
11  Defendant objects Plaintiff exceeding any discovery limits for special interrogatories.

12       i.    Dispositive Motions: Both Plaintiff and Defendant may wish to file dispositive
13  motions, such as motions for summary judgment/adjudication.

14       j.    Settlement: The parties have stipulated to defer ADR discussions until the Court has
15  entered an order related to discovery, but have agreed upon private mediation as the appropriate
16  form of alternative dispute resolution in this matter.

17       k.    Magistrate Judges: Defendant consents to a Magistrate for all purposes.

18       l.    Issues That Can Be Narrowed by Agreement or Motion: The parties believe it is too
19  early to determine whether issues may be narrowed by agreement or motion, except to the extent that
20  initial discovery into certification issues will help define and expedite the issues and discovery
21  relating to the merits of class claims.

22       m.    Parties Seek the Following Referrals: The parties do not seek reference to arbitration,
23  or the Judicial Panel on Multi-district Litigation. Plaintiff believes the appointment of a Special
24  Discovery Master is appropriate. Given the Order resulting from the Case Management Conference,
25  it is Defendant's position that appointment of a Special Discovery Master would be premature.

...

Dated: August 20, 2008

**KEESAL, YOUNG & LOGAN, APC**

By:  /s/ Julie L. Taylor, Esq.
Julie L. Taylor, Esq.
Julie A. Kole, Esq.
Attorneys for Defendant
TD Ameritrade, Inc.

Dated: August 20, 2008

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Carrie S. Lin, Esq.
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 5 -
Joint F.R.C.P. Rule 26(f) Report

**ATTESTATION OF E-FILED SIGNATURE**

I, Carrie S. Lin, Esq., am the ECF User whose ID and password are being used to file this Certification of Service. In compliance with General Order 45, X.B., I hereby attest that Julie A. Kole has read and approved this Certificate of Service and consents to its filing in this action.

Dated: August 20, 2008

**SCOTT COLE & ASSOCIATES, APC**

By:  /s/ Carrie S. Lin, Esq.
Carrie S. Lin, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class