**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>TD AMERITRADE, INC.,<br><br>        Defendant.<br>_____<br><br>GREGORY O'DONNELL,<br><br>        Plaintiff-Intervenor,<br><br>   v.<br><br>TD AMERITRADE, INC.,<br><br>        Defendant.<br>_____/ | No. C  08-2397 WDB<br><br>ORDER:<br>(1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;<br>(2) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;<br>(3) AUTHORIZING NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION; AND<br>(4) ESTABLISHING PROCEDURE FOR OBTAINING FINAL APPROVAL OF THE SETTLEMENT |

On March 25, 2009, the Court held a hearing on Plaintiff's unopposed motion for an order (1) preliminarily approving the class action settlement agreement; (2) conditionally certifying the settlement class; (3) approving notice to the class and related documents;  and (4) establishing a procedure for obtaining final approval of the settlement.  Attorney Scott Cole appeared for Plaintiff; attorneys Julie Taylor and Julie Kole appeared for Defendant.  The Court ordered the parties to file supplemental information in support of Plaintiff's motion.

1

By letter dated April 8, 2009, Michael Singer, counsel for named plaintiff Gregory O'Donnell in the matter entitled *O'Donnell v. TD Ameritrade, Inc.*, requested that the Court not decide for thirty days whether to preliminarily approve the settlement. The *O'Donnell* proceeding had been filed on January 18, 2007, in the District Court for the Southern District of California. That court had dismissed the action by order dated June 17, 2008, and had ordered the parties to proceed with arbitration pursuant to the terms of an arbitration agreement. *See O'Donnell v. TD Ameritrade, Inc.*, C 07-123 BTM, Order Granting in Part and Denying in Part Defendant's Motion to Compel Arbitration and Stay Proceedings (S.D. Cal. June 17, 2008). TD Ameritrade is represented by the same attorneys in the *O'Donnell* proceeding and the *Thomas* action. Following responsive correspondence from counsel for both Plaintiff and Defendant in this action, the Court granted leave for Mr. Singer to file a reply letter, which he filed on April 14, 2009.

On April 24 and May 4, 2009, the Court held telephonic conferences with Mr. Singer, with Plaintiff's counsel in this action (Mr. Cole), and with defense counsel regarding Mr. O'Donnell's objection to preliminary approval of the settlement.

By letters dated May 7, 2009, defense counsel informed the Court that they had reached an agreement in principle with Mr. Singer to settle the claims of the *O'Donnell* plaintiffs that would not be covered by the *Thomas* settlement. Docket Nos. 43, 44.

On May 11, 2009, the Court held a further telephonic conference with Mr. Singer, Mr. Cole, and defense counsel to discuss the proposed additional reach of the class settlement. Counsel for the parties and for Mr. O'Donnell agreed that the Court need not hold another preliminary approval hearing on the proposed settlement of the *O'Donnell* claims, but could proceed on Mr. Thomas's pending motion for preliminary approval.

On May 14, 2009, Mr. O'Donnell filed a Joint [unopposed] Motion to Allow Plaintiff-Intervenor Gregory O'Donnell to Intervene Under Rule 24 of the Federal Rules of Civil Procedure. Docket no. 46. On May 15, 2009, Defendant filed a Notice of Anticipated Preliminary Approval of Proposed Adjusted Settlement, attaching the settlement agreement entered by Mr. O'Donnell and TD Ameritrade. Docket no. 47. On

1  May 18, 2009, the Court entered an Order Allowing Plaintiff-Intervenor Gregory
2  O'Donnell to Intervene [in the *Thomas* case] Under Rule 24 of the Federal Rules of Civil
3  Procedure.
4       On May 20, 2009, Plaintiff-Intervenor O'Donnell filed a Motion for Preliminary
5  Approval of Class Action Settlement.  Defendant filed a Notice of Non-opposition to the
6  motion on May 21, 2009.
7       Having considered all the pertinent papers and the arguments of counsel, and good
8  cause appearing, the Court ORDERS as follows:
9       **1.**     **Preliminary Approval of Proposed Class Action Settlement**
10           **a.**     **Proposed Settlement of *Thomas* Action**
11      The parties to the *Thomas* action propose settlement of the action under the terms
12 set forth in the Settlement Agreement and Stipulation dated February 19, 2009.  *See*
13 Declaration of Kevin R. Allen, Esq., Exh. A (the "Settlement").  Rule 23(e) of the Federal
14 Rules of Civil Procedure provides, "If the proposal would bind class members, the court
15 may approve it only after a hearing and on finding that it is fair, reasonable, and
16 adequate." Fed. R. Civ. Proc. 23(e)(2).  Having conducted several hearings on the
17 proposed settlement in this action and having considered the settlement of the claims
18 asserted on behalf of putative class members in the *O'Donnell* proceeding contemplated
19 by *O'Donnell* class counsel and counsel for TD Ameritrade, **the Court preliminarily**
20 **approves the settlement** as set forth in the Settlement Agreement and Stipulation
21 pursuant to Rule 23(e).
22      The parties attended a mediation session with David A. Rotman, Esq., on
23 December 9, 2008.  Allen Decl. ¶ 11.  The parties submitted mediation briefs,
24 accompanied by evidence, including Plaintiff's damages analysis, and legal authorities to
25 facilitate evaluation of the merits and value of this action.  *Id.*  The parties agreed to the
26 mediator's proposal to settle the matter for $2.5 million.
27      The *Thomas* Settlement provides that TD Ameritrade will pay $2,500,000.00
28 (referred to as the "Gross Fund Value") into an escrow account which will be used to

compensate the named Plaintiff and class members who file a timely claim, to pay Plaintiff's attorneys' fees and costs, and to pay an enhancement to the Representative Plaintiff for his service to the class. Defendant is responsible to pay its employer payroll tax contributions in addition to the above settlement fund. Those members of the Settlement class who file timely claims will be compensated *pro rata* based on the number of work weeks worked by the entire class during the class period.

Having reviewed the papers explaining the terms of the settlement, along with the various data and assumptions that were used to assist the parties in arriving at these terms, the Court concludes that the $2,500,000.00 Gross Fund Value is the product of good faith, arm's-length and informed negotiations between the parties, and that it is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2). The *Thomas* parties' proposed Gross Fund Value of $2,500,000.00 to the class is granted preliminary approval.

### b. Proposed Settlement of *O'Donnell* Proceeding

Plaintiff-Intervenor Gregory O'Donnell filed the proceeding entitled *O'Donnell v. TD Ameritrade* in the District Court for the Southern District of California as civil action number C 07-123 BTM. That action alleged claims for unpaid overtime compensation, rest and meal period violations, and unfair competition violations against Defendant TD Ameritrade on behalf of a class defined as "All current and former California-based Investment Consultants or other similarly designated titles who have worked for Defendant TD Ameritrade within the last four (4) years from the filing of this complaint up to and including the time of trial for this matter." *O'Donnell* Compl. ¶ 15 (filed 1/18/07). By order dated June 17, 2008, District Judge Moskowitz dismissed the case and ordered the parties to proceed in arbitration before the American Arbitration Association ("AAA"), pursuant to the parties' arbitration agreement.

Mr. Singer contends that the filing of the *O'Donnell* complaint on January 18, 2007, tolls the statute of limitations for putative class members in the *Thomas* action, which was filed on May 9, 2008, extending the class period by fifteen months. Thus, Singer argues, the *Thomas* settlement is not fair, reasonable or adequate because it fails to

4

1  account for those additional work weeks during the tolled period.  Defense counsel
2  disputes whether the filing of the *O'Donnell* complaint tolls the limitations period for the
3  *Thomas* action.  Defense counsel also argues that under the AAA's rules, only class
4  members who had signed the agreement to arbitrate before the AAA may be class
5  members in the *O'Donnell* arbitration, and concludes that the putative class in *O'Donnell*
6  is not identical to the *Thomas* class, which includes class members who did not sign an
7  arbitration agreement.

8  Defense counsel represents that TD Ameritrade did not utilize an arbitration
9  agreement prior to April 10, 2006.  It follows that the class represented in the *O'Donnell*
10 arbitration is limited to Investment Consultants hired on or after April 10, 2006, and
11 excludes class members hired before that date who did not sign the arbitration agreement.

12 Having reviewed the *O'Donnell* complaint and the class definition proposed there,
13 the Court determines that the claims alleged in *O'Donnell* are substantially similar to the
14 claims raised in the *Thomas* action, with the *O'Donnell* putative class period beginning on
15 January 18, 2003, compared to the *Thomas* class period which begins on May 9, 2004.
16 Defense counsel reports that if the *Thomas* class period were extended to include the
17 *O'Donnell* Early Period, 48 class members would be added and the applicable number of
18 work weeks would be increased by 5,424 work weeks.  Docket no. 41.

19 Pursuant to the Settlement Agreement entered by Mr. O'Donnell and TD
20 Ameritrade, the parties to the *O'Donnell* arbitration have agreed to settle the claims of the
21 plaintiffs in the *O'Donnell* action whose claims are not otherwise covered by the *Thomas*
22 settlement, at a rate of $31.64 per week that was worked between January 18, 2003, and
23 May 8, 2004, resulting in a total Settlement Fund of $171,615.00.  The rate per work
24 week reflected in the *O'Donnell* settlement is approximately half of the rate per work
25 week reflected in the *Thomas* settlement, which the Court finds appropriate in light of the
26 lower salaries paid during that earlier period and the substantial uncertainty about
27 whether, under applicable legal principles, the filing of *O'Donnell* would toll the statute
28 of limitations in *Thomas*.  The Court also notes that claims arising from the 5,424 weeks

5

worked from January 18, 2003, to May 8, 2004, could not have been reached in the arbitration in *O'Donnell*, and it is not at all clear that counsel for the *O'Donnell* class would have been permitted to reopen the litigation in the Southern District to attempt to seek relief for the Investment Consultants who had not signed arbitration agreements. Defense counsel states that the average annual salary for Investment Consultants was $38,500 during the January 18, 2003, to May 8, 2004, time period, which is about 12.5% less than the $44,000 average annual salary earned during the *Thomas* class period. Mr. O'Donnell has agreed to dismiss with prejudice the *O'Donnell* arbitration before the AAA.

The Court is satisfied that the settlement of the *O'Donnell* claims for the January 18, 2003, to May 8, 2004, time period at the rate of $31.64 is fair, reasonable and adequate to compensate putative class members for weeks worked prior to the *Thomas* class period.

**2.     Conditional Class Certification**

When the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether there is a prima facie showing that the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civ. Pro. Before Trial* § 10:573 (The Rutter Group 2009). For that showing to be made, the proposed class must satisfy the Rule 23(a) requirements of: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. The parties also must satisfy one of the subsections of Rule 23(b).

The proposed class action settlement covers class members who worked during any part of two time periods: the *O'Donnell* Early Period from January 18, 2003, to May 8, 2004, and/or the *Thomas* period from May 9, 2004, to May 22, 2009.

6

### a. Numerosity

The Court finds that the settlement class in the *Thomas* action, which consists of all persons who were employed by Defendant as an "Investment Consultant" at any of Defendant's branch offices within the State of California during any portion of the period May 9, 2004 through the date which the Court grants preliminary approval of the Settlement (i.e., the "Settlement Period"), is estimated to include about 323 current and former TD Ameritrade employees. Furthermore, Defendant estimates that an additional 48 class members worked for TD Ameritrade in California during the *O'Donnell* Early Period. The proposed settlement class of about 371 potential class members satisfies the numerosity requirement of Rule 23(a)(1).

### b. Commonality

The Court further finds that the commonality requirement of Rule 23(a)(2) is met. The claims of all class members, including those in the *O'Donnell* Early Period Class, share core legal and factual questions, including how Defendant compensated its Investment Consultants, what duties typically were performed in what percentages of their work time by persons holding the Investment Consultant position, and whether the class members were properly classified as exempt from overtime pay.

### c. Typicality

The typicality requirement of Rule 23(a)(3) is also met. Typicality is satisfied if the claims of the class representatives are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Here, the claims of Representative Plaintiffs Jason Thomas and Gregory O'Donnell are typical of those of the other *Thomas* class members: violation of their alleged right to overtime compensation, compensation for missed meal and rest breaks, and/or reimbursement for business expenses, resulting from the same course of conduct, i.e., treating Investment Consultants as exempt employees. All Class Members also seek the same kind of relief: damages, penalties, interest and attorneys' fees for unlawful deprivation of overtime compensation, compensation for missed meal and rest

breaks, and/or reimbursement for business expenses to which they are entitled under state or federal law at any time during the Settlement Period.

### d.  Adequacy of Representation

For the *Thomas* class, the Court finds that the named Plaintiff, Jason Thomas, and his counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4). In reaching this determination, the Court has considered: (1) whether the named Plaintiff and his counsel "have any conflict of interest with other class members;" and (2) whether the named Plaintiff and his counsel have prosecuted and will "prosecute the action vigorously on behalf of the class." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). The Court finds that the named Plaintiff, Jason Thomas, has no interest that is adverse or antagonistic to the interests of the settlement class. The Court also finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have experience in class actions and complex litigation in the arena of employment law. Allen Decl., Ex. B. There is no evidence to suggest that Class Counsel provided monetary remuneration to the named Plaintiff as an incentive to file the lawsuit, or made any other promises or commitments to Plaintiff that would compromise the vigor or integrity of his representation of the interests of the class. Accordingly, the Court is satisfied that the named Plaintiff Jason Thomas and Class Counsel are adequate representatives for the *Thomas* settlement class under Rule 23(a)(4).

For the *O'Donnell* Early Period class, the Court finds that the named Plaintiff-Intervenor, Gregory O'Donnell, and his counsel are adequate representatives of the conditional class. Following correspondence and several telephonic appearances by Mr. O'Donnell's counsel, the Court is satisfied that Mr. O'Donnell and his counsel do not have any conflict of interest with other class members, and have prosecuted the action vigorously on behalf of the class, particularly in light of the fact that Defendant vigorously contested liability in the proceedings before the District Court of the Southern District of California, challenged the jurisdiction of the District Court pursuant to an

1  arbitration agreement, and argued that Mr. O'Donnell was precluded from arbitrating on
2  behalf of a class.

   **e.  Rule 23(b)**

4    In addition to the requirements of Rule 23(a), a proposed class action must satisfy
5  one of the sections of Rule 23(b). In this case, Plaintiff Thomas and Plaintiff-Intervenor
6  O'Donnell seek class certification under Rule 23(b)(3). Parties seeking class certification
7  under this provision must show that the "questions of law or fact common to class
8  members predominate over any questions affecting only individual members, and that a
9  class action is superior to other available methods for fairly and efficiently adjudicating
10 the controversy." Fed. R. Civ. P. 23(b)(3).

11   Here, both the *Thomas* and *O'Donnell* proposed conditional classes satisfy the
12 elements of Rule 23(b)(3). The central inquiry in both the *Thomas* action and the
13 *O'Donnell* proceeding is whether the Investment Consultant position was properly
14 classified as exempt. This issue is common to all Class Members, and predominates over
15 questions affecting individual members, thus providing "'justification for handling the
16 dispute on a representative rather than on an individual basis.'" *Hanlon*, 150 F.3d at 1022
17 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice
18 & Procedure § 1778 (2d ed.1986)).

19   In assessing whether the superiority requirement of Rule 23(b)(3) is satisfied, the
20 Court compares a class action with alternative methods for adjudicating the parties'
21 claims and, "'if a comparable evaluation of other procedures reveals no other realistic
22 possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied.'"
23 *Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir.
24 2001) (quoting 7A Wright, Miller & Kane, *supra* § 1779); *see also Valentino v.
25 Carter-Wallace*, 97 F.3d 1227, 1234-35 (9th Cir. 1996) ("a class action is the superior
26 method for managing litigation if no realistic alternative exists.").

27   In the *Thomas* action, the estimated number of weeks worked by Class Members in
28 the *Thomas* class ranges from 0.43 weeks to 254 weeks. *See* 4/8/09 Kole Decl., Ex. 2.

Based on a rough estimate of the settlement award at about $75.00 per work week, the recovery by each individual *Thomas* Class Member would range from $32.25 to $19,050. For the *O'Donnell* Early Period class, the settlement amount of $31.64 per work week would result in a maximum potential recovery of $1,961.68 per Early Period class member for the 68-week period between January 18, 2003, and May 8, 2004. Awards of this size are too small to induce individual class members to litigate their claims in separate actions. It follows that a class action is superior because it would "permit the plaintiffs to pool claims which would be uneconomical to litigate individually." *Culinary/Bartender Trust Fund*, 244 F.3d at 1163 (internal quotation and citation omitted). Accordingly, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied for the *Thomas* class and the *O'Donnell* Early Period class.

Therefore, the Court preliminarily certifies a conditional settlement class in the *Thomas* action as follows:

> All persons who were employed by Defendant as an "Investment Consultant" at any of Defendant's branch offices within the State of California during the period May 9, 2004 through May 22, 2009. This excludes any person holding any other position not expressly included in the definition of the Class in the Settlement Agreement and Stipulation and those individuals who worked at Waterhouse Investment Centers ("WICs").

The Court also preliminarily certifies a conditional class for the intervening *O'Donnell* Early Period class as follows:

> All persons who were employed by Defendant as an "Investment Consultant" at any of Defendant's branch offices within the State of California during any portion of the period January 18, 2003, through May 8, 2004. This excludes any person holding any other position not expressly included in the definition of the Class in the Settlement Agreement and Stipulation and those individuals who worked at Waterhouse Investment Centers ("WICs").

### 3. Authorization of Notice of Proposed Settlement

In a class action settlement, the Court must order that notice be given in a reasonable manner to all class members who would be bound by the proposal. Fed. R.

Civ. Pro. 23(e)(1). Pursuant to the *Thomas* Settlement Agreement and Stipulation, as modified by counsel during the May 11, 2009, hearing, and the *O'Donnell* Settlement Agreement, notice will be provided to Settlement class members in the following manner: within twenty-one (21) calendar days of service of the Notice of Preliminary Approval Order, the claims administrator will mail the Notice and Claim Form to all identified class members via first-class regular U.S. Mail using the most current mailing address TD Ameritrade has available from its records, as modified by any updated address information the claims administrator may obtain in the course of administration of the Settlement. The Claim Form will indicate how many work weeks Defendant's records indicate that the Settlement class members worked during the Settlement Period. Such records will be made available to Plaintiffs' attorneys upon request. Defendant agrees to cooperate with the claims administrator so as to enable it to fulfill its duties. The claims administrator shall also be authorized to investigate and attempt to obtain current address verification in such manners that it determines necessary and prudent to the discharge of its duties.

     If Notice forms are returned because of an incorrect address, or if the claims administrator receives information from the United States Postal Service that the address is no longer the current address for an intended recipient, the claims administrator will promptly notify Plaintiff's attorneys and Defendant. The claims administrator will coordinate a good faith and reasonable search for thirty (30) days, in a manner determined by the claims administrator, for a more current address. The parties will promptly provide any relevant additional information they have regarding individuals whose forms were returned. The claims administrator is authorized to direct any party to undertake specific actions to identify and locate individuals (such as conducting a skip trace) and may seek interim guidance and enforcement from the Court. If new address information is obtained, the claims administrator will promptly forward the Notice to the addressee via first-class regular U.S. Mail indicating on the Notice the date when it was re-mailed.

In the event that the procedures outlined here are followed, it will be conclusively presumed that the intended recipient received the Notice if the Notice has not been returned to the claims administrator as undeliverable, and if the claims administrator does not receive information from the United States Postal Service that the address is no longer the current address for an intended recipient within thirty days (30) days of the initial mailing.

By July 21, 2009, the Claims Administrator must send a postcard to Settlement Class members reminding them of the August 11, 2009, deadline to object to the Settlement, opt out of the Settlement, or submit a Claim Form.

The Court finds that the parties' proposed notice plan meets the requirement of Rule 23(e)(1) and hereby authorizes the notice plan.

### 4. Class Action Fairness Act

Defendant has demonstrated that it has provided notice of the Settlement to federal and state officials in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1715(b). *See* 4/8/09 Kole Decl. ¶¶ 2-5, Exs. 1 and 2. *See also* 5/21/09 Kole Decl. re Revised CAFA Notice.

### 5. Objection to Settlement or Request for Exclusion

As set forth in detail in the Notice of Proposed Settlement, any Class Member who objects to the Settlement, or who elects not to participate in the Settlement, must submit in writing, by no later than August 11, 2009, his or her objection to the Settlement or request for exclusion pursuant to the procedures set forth in the Class Forms.

### 6. Class Representative and Class Counsel

The Court appoints Plaintiff Jason Thomas as the Class Representative for the *Thomas* class. Scott Cole & Associates, APC, are appointed Class Counsel for the *Thomas* class:

```
SCOTT COLE, ESQ.
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: 510-891-9800
Facsimile: 510-891-7030
Website: www.scalaw.com
```

The Court further appoints Plaintiff-Intervenor Gregory O'Donnell as the Class Representative for the *O'Donnell* Early Period Class. Cohelan Koury & Singer, LLP, are appointed Class Counsel for the *O'Donnell* Early Period Class:

```
MICHAEL D. SINGER, ESQ.
COHELAN KHOURY & SINGER, LLP
605 C Street, Suite 200
San Diego, CA 92101-5305
```

### 7.  **Class Representative Enhancement**

In addition to his share as a Class Member, named Plaintiff Jason Thomas seeks preliminary approval from the Court to receive from the settlement fund a sum of $15,000 as non-wage payment for serving as Class representative, and for the risks and work attendant to that role. Furthermore, counsel for Plaintiff-Intervenor Gregory O'Donnell has notified the Court of their intention to apply for a class representative enhancement for Mr. O'Donnell which, if awarded by the Court, would be paid by Defendant in addition to the *O'Donnell* Settlement Fund of $171,615.00. The Court will determine the amount of the Class Representative enhancement at the final approval hearing.

### 8.  **Class Counsel Fees and Costs**

The Court also will determine the amount to be awarded to Class Counsel for fees and costs at the final approval hearing.

In its motion for preliminary approval of the settlement, *Thomas* Class Counsel asked the Court to approve preliminarily an award of attorneys' fees and costs in an amount up to 33.3% of the common settlement fund of $2,500,000.00, which would result in an attorneys' fee and costs award of up to $833,333.33.

13

Fee awards out of common funds must be "reasonable under the circumstances." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir.1990). When calculating fee awards in common fund cases, the court has discretion to choose the percentage-of-the-fund method or the lodestar-multiplier method. The choice between the two methods depends on the circumstances of the case. In 1989, the Ninth Circuit set 25% as the "benchmark" for common fund fee awards. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

At this preliminary juncture, the Court has not determined whether it will use the percentage method or the lodestar method to calculate the Class Counsel fees and costs. In either case, the Court finds at this time that, for purposes of informing the *Thomas* Class Members of the possible amount to be awarded to *Thomas* Class Counsel at the final approval hearing, no more than one-third of the *Thomas* Settlement Fund will be awarded as fees. Accordingly, the Court finds that the proposed Notice of Proposed Settlement sent to the Class Members adequately notifies class members that "up to one-third of the Settlement Award" could be awarded to *Thomas* Class Counsel for their fees and costs. *See* 5/19/09 Letter of Julie Kole, enclosing revised Notice of Proposed Class Action Settlement at II.2 (Docket no. 49). As part of the final approval hearing, Scott Cole & Associates, APC, may file a motion with the Court requesting an award of **up to $833,333.33** for their attorneys' fees and costs in connection with their work on this case.

Counsel for Representative Plaintiff Gregory O'Donnell has notified the Court of their intention to apply for an award of attorneys' fees and costs which, if awarded by the Court, would be paid by Defendant **in addition to** the *O'Donnell* Settlement Fund of $171,615.00. The Court finds that the proposed Notice adequately states, "The payment, if any, of these attorneys' fees and costs will not affect the amount of the weekly payment for this [*O'Donnell* Early Period] time period to Class Members." *Id.* at II.1.

\\\

\\\

14

**9.     Settlement Administrator**

Rust Consulting, Inc., 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, is appointed to act as the Claims Administrator for both the *Thomas* and *O'Donnell* class settlements, pursuant to the terms set forth in the Settlement Agreements. Settlement administration expenses for the *Thomas* settlement will be paid from the Gross Fund Value escrow account. The fees and expenses of the Claims Administrator for the *O'Donnell* settlement will be paid directly by Defendant and will not be paid from the *O'Donnell* Settlement Fund or the *Thomas* settlement fund.

**10.    Class Forms**

After reviewing the earlier proposed notice and claim forms, the Court instructed counsel to amend the forms to make them as clear and understandable as possible for the Class Members. As amended, the Court concludes that the Class Forms are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their right to object to the Settlement and/or to elect not to participate in the Settlement, and the processes for doing so, the consequences of taking no action in response to the notice, and the date and location of the final approval hearing. The Class Forms, as amended by the Court, are approved.

The Class Forms, as amended and approved by the Court, shall be disseminated according to the notice plan described in the Settlement Agreement. Proof of distribution of notice must be filed by no later than fourteen (14) days prior to the final approval hearing.

**11.    Stipulation for the Procedures for Final Approval of the Settlement**

Pursuant to stipulation of counsel for Plaintiff Thomas, Plaintiff-Intervenor O'Donnell and Defendant TD Ameritrade, the Court ORDERS that:

(a)     By **June 12, 2009,** the Claims Administrator mail the Notice and Claim Form ("Class Notice Package");

1     (b)    By **July 21, 2009**, the Claims Administrator mail a postcard to class members who have not yet responded to the class notice to remind them of the August 11, 2009, deadline to submit a Claim Form, object to the Settlement, or opt out of the settlement;

    (c)    By **August 11, 2009**, each class member submit a timely Claim Form; or object to the Settlement by mailing an objection to the Court with copies to counsel for the parties and the Claims Administrator; or opt out of the class by mailing to the Claims Administrator a written request for exclusion from the class and the settlement;

    (d)    By **September 3, 2009**, the Claims Administrator provide Plaintiffs' counsel with a complete and accurate list of all class members who timely requested exclusion, and Plaintiffs' counsel file a motion for final approval.  The notice period on the parties' motion for final approval is shortened from the thirty-five (35) days required by Local Rule 7-2(a) to FIFTEEN (15) days.  Oppositions to final approval, if any, must be filed no later than SEVEN (7) calendar days prior to the hearing on final approval, and reply briefs must be filed no later than THREE (3) calendar days prior to the hearing.

**12.    Final Settlement Approval Hearing**

**The Court will hold the Final Approval Hearing on Friday, September 18, 2009, at 1:30 p.m., in Courtroom 4, United States District Court, 1301 Clay Street, Third Floor, Oakland, California 94618.**  The purpose of this hearing will be to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider named Plaintiff Jason Thomas's and Plaintiff-Intervenor Gregory O'Donnell's requests for a Class Representative

16

Enhancement, as well as Class Counsel's request for attorneys' fees and costs. Any Class Member, assisted by counsel or not, may appear at the hearing and support or oppose the Settlement, the Class Representative Enhancement, and/or Class Counsel's request for fees and costs. Should the proposed Settlement be approved, following the final approval hearing, the Court will enter judgment in accordance with the Settlement that will fix the rights of all class members who do not opt-out.

    (a)    Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and may offer evidence or argument for the purpose of trying to show cause why the Court should not approve the Settlement, or to support objections to the proposed Class Representative Enhancement and/or the proposed payment of Class Counsel fees and costs. **As explained in further detail in the Notice of Pendency of Class Action and Proposed Settlement, for any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection**. By no later than August 11, 2009, such comments must be mailed to: (1) the Court to the attention of Magistrate Judge Wayne D. Brazil, United States District Court, 1301 Clay Street, Oakland, California 94618; (2) Class Counsel at the address provided in the Notice of Proposed Settlement; (3) TD Ameritrade's Counsel at the address provided in the Notice of Proposed Settlement; and (4) the Claims Administrator.

    (b)    The Court reserves the right to continue the date of the final approval hearing without mailing individual notices to Class Members. If the final approval hearing is continued from September 18, 2009, notice of the new date will be provided on the docket for this case (i) online through the Public Access to Court Electronic Resources system,

| | |
|---|---|
| 1 | known as "PACER," at http://ecf.cand.uscourts.gov, and (ii) at the |
| 2 | Office of the Clerk at the United States Federal Courthouse at 1301 |
| 3 | Clay Street, Suite 400 S, Oakland, California 94612-5212 (open |
| 4 | between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding |
| 5 | Court holidays).  Class Members also may find out whether the final |
| 6 | approval hearing has been continued by calling Class Counsel — |
| 7 | Scott Edward Cole, Esq./Matthew R. Bainer, Esq. (510-891-9800) or |
| 8 | Michael Singer, Esq. (619-595-3001). |

**IT IS SO ORDERED.**

Dated:   May 22, 2009

WAYNE D. BRAZIL
United States Magistrate Judge