1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JASON THOMAS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC.,<br><br>Defendant. | Case No. C08-02397 WDB<br><br>**CLASS ACTION**<br><br>ORDER AWARDING ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL AND A SERVICE FEE TO CLASS REPRESENTATIVE, JASON THOMAS |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

This matter having come before the Court on September 25, 2009, for a hearing on Plaintiff Jason Thomas' Motion for (1) Final Approval of Class Action Settlement, (2) Award of Attorneys' Fees and Costs to Class Counsel, and (3) Award of Service Fee to Representative Plaintiff Jason Thomas, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore,

**THE COURT HEREBY FINDS:**

The Ninth Circuit has established a baseline benchmark of 25% in common fund cases. *See e.g., Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (1990); *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Williams v. MGM-Pathe Comm.Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *In re Omnivision Tech., Inc.*, 559 F.Supp.2d 1036, 1047 (2008); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). While the Court has authority to adjust the benchmark upward, and although the Settlement allows Class Counsel to request up to one-third of the common fund, subject to Court approval, the law only allows such an upward adjustment in unusual circumstances. Such circumstances do not exist here, and the 25% benchmark is an appropriate basis for Class Counsel's fee award in the instant case. Accordingly, the award of attorneys' fees granted to counsel for the Thomas Plaintiffs is $625,000.00, 25% of the total value of the common benefit created for the Class of $2,500,000 (i.e., "Gross Fund Value").

In addition, Class Counsel has already incurred costs in the amount of $3514.24. These costs also will increase based on future work that will need to be performed, e.g, overseeing the distribution of funds to class members, responding to their inquiries, resolving disputed claims and paying for postage and photocopy charges, all for the benefit of the Class. The Court notes that the types of costs class Counsel has reported are appropriate for reimbursement and are included in the $625,000.00 fee award pursuant to the settlement agreement and not requested separately.

The Court also finds that Mr. Thomas has contributed significantly to the resolution of this case. Among other efforts, Mr. Thomas produced documents and provided detailed background information to Class Counsel about the organizational structure of the company and the job duties performed by class members, reviewed documents produced by TD Ameritrade, maintained regular contact with Class Counsel and acted as a conduit of information to the class members. In addition, Mr. Thomas' continued employment in the financial industry puts him at risk of retaliation from future employers. The Court notes that none of the class members have objected to the fee award requested by Mr. Thomas and that the award will not significantly reduce the

amount of settlement funds available to the class.

**IT IS HEREBY ORDERED THAT:**

Within twenty-one days of the entry of this Order, (1) an award of attorneys' fees in the amount of **$625,000.00** shall be paid to Thomas Plaintiffs' Class Counsel, Scott Cole & Associates, APC from the Gross Settlement Fund, and (2) an award in the amount of **$15,000.00** shall be paid to representative plaintiff Jason Thomas from the Gross Settlement Fund for his service to the class as a suitable and active representative.

**IT IS SO ORDERED.**

DATED: 9-28-, 2009

Hon. Wayne D. Brazil
United States Magistrate Judge

3